IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES PERKINS,                    )
AIS #169906,                        )
                                    )
            Plaintiff,              )
                                    )
    v.                              )        CIVIL ACTION NO. 2:02-CV-1369-T
                                    )                WO
                                    )
PAUL WHALEY,                        )
                                    )
            Defendant.              )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Charles Perkins ["Perkins"], a state inmate, contends that the defendant violated his constitutional rights during the classification process.  Paul Whaley, the Director of Classification for the Alabama Department of Corrections, remains as the sole defendant in this cause of action.

Defendant Whaley filed special reports and supporting evidentiary materials addressing the plaintiff's claims for relief.  Pursuant to the orders entered herein, the court deems it appropriate to treat these special reports as a motion for summary judgment.  *See Order of March 3, 2003 - Court Doc. No. 10* and *Order of May 16, 2005 - Court Doc. No. 33*.  Thus, this case is now pending on the defendant's motion for summary judgment.  Upon consideration of such motion, the evidentiary materials filed in support thereof and the plaintiff's responses in opposition to the motion, the court concludes that the defendant's motion for summary judgment is due to be granted.

# I.  FACTS

In 1992, a jury sitting before the Circuit Court of Mobile County, Alabama convicted Perkins of conspiracy to commit murder.[1]   The trial court sentenced Perkins to life imprisonment for this conviction.  During his incarceration on this offense, correctional officials utilized the facts underlying this 1992 conviction to classify Perkins as a heinous offender and thereafter as a restricted offender.[2]

The plaintiff complains that defendant Whaley relied on false information to deny him a less restrictive custody classification.  He further argues that his classification as a heinous or restricted offender deprives him of due process as he does not meet the requirements for this classification designation.

# II.  STANDARD OF REVIEW

To survive a defendant's properly supported motion for summary judgment, the plaintiff is required to produce some evidence based on personal knowledge which would

---

[1]This conviction arose from the murder of the plaintiff's nephew, Rochester Perkins, which occurred during what can best be characterized as an ongoing "family feud" between Perkins and his sister, the victim's mother.  "The on scene investigation and subsequent post mortem examination revealed that Rochester Perkins was in the rear yard of the residence [he shared with his mother] raking leaves when he was either confronted by or saw his assailant entering the yard through a trail in the wooded area at the rear of [the] residence.  Rochester attempted to escape into the house by the rear door and was shot in the back by a high powered rifle.  He was able to make it into the house and dialed 911 to seek assistance. . . . [Emergency Personnel responded] and were present while Rochester was being treated on the scene.  When asked by Fire Medic York, Rochester stated that his Uncle Charles Perkins had shot him.  Rochester [subsequently] died in surgery."  *Attachment to Defendant's Exhibit A - Investigation Report of the Alabama Board of Pardons and Paroles* at 3.

[2]"In the past, the ADOC used the term 'heinous' to describe offenders whose crimes are considered to have involved certain aggravated circumstances.  ADOC modified that terminology in May 2004 and such offenders are now considered 'restricted,' meaning that they cannot be considered for any custody, program, or assignment that would permit them unsupervised access to the public.  Thus, Perkins is now classified as a restricted offender, not a heinous offender."  *Defendant's Exhibit B - May 12, 2005 Affidavit of Paul Whaley*.

be admissible at trial supporting his constitutional claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Specifically, the plaintiff must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. A plaintiff's conjectural and conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all admissible evidentiary materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, entry of summary judgment is appropriate. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, the plaintiff has failed, after being afforded an opportunity to do so, to establish that there is a genuine issue as to a material fact in order to preclude summary judgment.

3

### III.  DISCUSSION

### A.  Denial of a Particular Custody Classification

Perkins complains that he does not meet the criteria for a heinous/restrictive offender and is entitled to a more favorable custody classification.  An inmate in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Thus, Perkins has no constitutionally protected interest in being granted a particular custody classification and his claim to the contrary is without merit.  *See Sandin v. Conner*, 515 U.S. 472 (1995); *Francis v. Fox*, 838 F.2d 1147 (11th Cir. 1988); *Jones v. Diamond,* 594 F.2d 997 (5th Cir. 1979)*.

### B.  The False Information Claim

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the court held that reliance on ***admittedly false information*** to deny a prisoner consideration for parole was arbitrary and capricious treatment violative of the Constitution.  However, the court carefully distinguished its holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.), *cert. denied*, 459 U.S. 1043 (1982).

> Our holding today does not conflict with our earlier holding in *Slocum*, *supra*. In *Slocum,* the Plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted him parole. *Slocum*, 678 F.2d at 941. The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors. Unlike the instant case, in *Slocum* the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file even contained any

false information. We held in *Slocum* that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration. *Id.* at 942. We also determined that prisoners do not have a due process right to examine their prison files as part of a general fishing expedition in search of false information that could possibly exist in their files. *Id.* In the case at bar, we are confronted with prison authorities who admit that information contained in Monroe's files is false and that they relied upon such information, at least in part, to deny Monroe parole and to classify him as a sex offender. As we stated, the parole statute does not authorize state officials to rely on knowingly false information in their determinations. *Thomas [v. Sellers]*, 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Monroe*, 932 F.3d at 1442.

*Slocum* controls the disposition of the instant case. Defendant Whaley maintains that the information contained in Perkins' records is correct and that any reliance on this information therefore did not violate the plaintiff's constitutional rights. "To my knowledge the PSI is a true and correct document which is utilized by the sentencing court and which is furnished to this Department for inclusion into an offender's file. Further, I have never knowingly relied upon information I have known to be false in making any determination of internal classification in the case of Perkins or any other criminal offender." *Defendants' Exhibit A - February 19, 2003 Affidavit of Paul Whaley.*[3]  It is therefore clear from the foregoing that there is no admission by defendant Whaley that the information on which he

---

[3]Although in his original affidavit defendant Whaley mistakenly referred to the conviction on which plaintiff is classified as that of murder, rather than conspiracy to commit murder, *Defendant's Exhibit 1 - January 23, 2003 Affidavit of Paul Whaley*, he subsequently filed corrected affidavits, *Defendant's Exhibit B and D - May 12, 2005 Affidavits of Paul Whaley*, which establish that Perkins' classification status is based upon his conviction for conspiracy to commit murder and the details surrounding the commission of this particular offense.  Defendant Whaley also submitted evidentiary materials which demonstrate that correctional personnel utilized the conspiracy conviction as the basis for each classification decision. *See Defendant's Exhibit C - Progress Review Forms.*

relied to classify Perkins is false. Moreover, Perkins has failed to come forward with any evidence that the defendant knowingly used false information during the classification process. Nevertheless, even without evidence to the contrary, Perkins' assertion does nothing more than raise the possibility that information in his records may be false and this mere possibility fails to provide a basis for relief. *Monroe*, 932 F.2d at 1142; *Jones v. Ray*, 279 F.3d 944 (11th Cir. 2001) ("[P]risoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim."). Additionally, the law is well settled that it is the nature and circumstances of a crime, not the type or nomenclature of the conviction, which legitimately may be used by prison authorities to determine the custody classification of prisoners and their viability for placement in favorable prison programs. *Cf. Hendking v. Smith*, 781 F.2d 850 (11th Cir. 1986).

The record in this case establishes that defendant Whaley did not rely on ***admittedly*** false information to deny Perkins placement in a less restrictive custody classification. Consequently, the plaintiff is entitled to no relief as a matter of law and summary judgment is due to be granted in favor of defendant Whaley.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for summary judgment filed by the defendant be GRANTED.

2.  Judgment be GRANTED in favor of the defendant.

3.  This case be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before June 15, 2005 the parties shall file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of June, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE